## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

JENNIFER BURKE,           )
RAELYNN BARNES,           )
and                       )
TATIANA SAXTON,           )
                          )
    Plaintiffs,           )
                          )
vs.                       )    CAUSE NO. <u>3:21-CV-134-DJH</u>
                          )
VINEYARDS MANAGEMENT      )
GROUP, LLC                )
and                       )
INSPERITY PEO SERVICES, LLC, )
                          )
    Defendants.           )

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1.    Plaintiffs, Jennifer Burke (Burke), Raelynn Barnes (Barnes), and Tatiana Saxton (Saxton) (collectively "Plaintiffs"), by counsel, bring this action against Defendants, Vineyards Management Group, LLC (VMG) and Insperity PEO Services, LLC (Insperity) (collectively "Defendants") alleging violations of Title VII of the Civil Rights Act ("Title VII") and the Kentucky Civil Rights Act (KCRA).

### II. PARTIES

2.    Burke is a resident of Jefferson County, Kentucky which is within the geographical boundaries of the Western District of Kentucky.

3.    Barnes is a resident of Jefferson County, Kentucky which is within the

geographical boundaries of the Western District of Kentucky.

4.      Saxton is a resident of Wayne County, Michigan. During all relevant times, Saxton was employed in Jefferson County, Kentucky which is within the geographical boundaries of the Western District of Kentucky.

5.      VMG is a foreign corporation that systematically conducts business within the geographical boundaries of the Western District of Kentucky.

6.      Insperity is a foreign corporation that systematically conducts business within the geographical boundaries of the Western District of Kentucky.

### III.   JURISDICTION AND VENUE

7.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 42 U.S.C. §2000e-5(f)(3).

8.      Jurisdiction is conferred on Plaintiffs' state law claims pursuant to 28 U.S.C. §1367 because their state law claims arise from the same common nucleus of operative facts as their federal law claims and all of their claims form a single case and controversy under Article III of the United States Constitution.

9.      Defendants are "employer(s)" as that term is defined by 42 U.S.C. §2000e(b) and KRS 344.030(2).

10.     Plaintiffs are "employee(s)" as that term is defined by 42 U.S.C. §2000e(f) and KRS 344.030(5).

11.     A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky;

thus, venue is proper in this Court.

12.     Plaintiffs satisfied their obligation to exhaust their administrative remedies. The Rights to Sue were issued by the EEOC on December 1, 2020 and Plaintiffs bring this original action within ninety (90) days of the receipt thereof.

### IV. FACTUAL ALLEGATIONS

13.     Burke is a woman of Caucasian descent and is engaged to a man of African American descent.

14.     Barnes is a woman of bi-racial descent with a Caucasian mother and African American father. Barnes is Burke's daughter.

15.     Saxton is a woman of bi-racial descent with a Caucasian mother and African American father. Saxton is Barnes's and Burke's close personal friend. Saxton lived with Barnes and Burke at all relevant times.

16.     During all relevant times, Plaintiffs met or exceeded Defendants' legitimate performance expectations.

17.     Burke was initially employed as Regional Vice President for VMG on February 18, 2019. Insperity was contracted with VMG to provide Human Resources services and employed Plaintiffs.

18.     Burke performed so well in her position that she was quickly promoted by Jeff Bennett (Bennett), VMG Chief Executive Officer, in March of 2019. Burke began her new role as Regional Marketing Director on March 31, 2019.

19.     Burke continued to exceed expectations and VMG agreed to hire two (2) new employees to work under Burke. Burke hired Barnes as a Leasing Agent on April 1, 2019; and Saxton as a Leasing Agent on June 19, 2019.

20.     The main responsibilities of Burke, Barnes, and Saxton were to increase the number of Rent Producing Sites (RPS) for VMG. Plaintiffs successfully increased the number of RPSs in each month of employment with Defendants.

21.     On or around May 27, 2019, Burke attended an in-person meeting with Bennet, Jeff Weibold (Weibold), Regional Vice President, and several other VMG investors in Lexington, Kentucky.

22.     During this meeting, Bennett asked Burke, "who is the gentleman in the gold F-150?" When Burke followed up, Bennett stated "the black guy in the gold F-150". Burke responded stating that it was her fiancé.

23.     Only four (4) days later, on May 31, 2019, Burke was demoted by Bennett. Bennett specifically state that the demotion was not related to Burke's performance. Burke was demoted to Regional Manager of Leasing and her salary was significantly reduced. Burke continued to exceed expectations in her new role.

-4-

24.     In September of 2019, during a Zoom videoconference with all VMG executives, at which Plaintiffs were present, Weibold asked, "who is the gangster looking guy with the gold chains?", when an African American male appeared on screen. Rather than correcting this behavior, the executives and Plaintiffs' superiors began laughing and encouraging Weibold.

25.      Burke's position, title, and duties were changed due to alleged "restructuring" on two (2) occasions between November of 2019 and January of 2020.

26.     After being demoted and having her position restructured multiple times in 2019, VMG began assigning new duties to Burke that were well outside her job description in February of 2020. Nevertheless, Burke continued to meet and exceed whatever performance expectations VMG set for her.

27.     On April 20, 2020, Burke contacted Bennett and Derrick Wilson (Wilson), VMG President, to address her concerns about the new duties being assigned to her. Wilson responded stating, "a lot of exciting things are going on" in the company and in no way indicated that Burk was in trouble.

28.     On April 21, 2020, Wilson called Burke to inform her that VMG was restructuring her position again.  The call ended with Wilson telling Burke that she would be provided with a clarified job description and list of duties. VMG did not express any indication that Burke's, Barnes's, or Saxton's jobs were in jeopardy.

29.     Shortly after the call, Burke, having been demoted and had her position restructured several times filed a complaint of race-based discrimination and sent it to Bennett, Wilson, and Eric Blumm, Human Resources, on the evening of April 21, 2020.

30.     Within hours, Burke was terminated by Wilson on April 22, 2020. Barnes and Saxton were also terminated due to their association and close relationships with Burke.

31.     Similarly situated employees who were white and/or who were not associated with Burke or African Americans were treated more favorably.

32.     The reasons given for terminating Plaintiffs' employment are pretext.

## V.  CAUSES OF ACTION

### COUNT I – TITLE VII – RACIAL DISCRIMINATION

33.     Plaintiffs hereby incorporates paragraphs one (1) through thirty-two (32) of their Complaint.

34.     Defendants discriminated against Plaintiffs because of their race and/or because they were associated with an African American.

35.     Defendants' actions were intentional, willful, and taken in reckless disregard of Plaintiffs' legal rights.

36.     Defendants' unlawful actions have violated Plaintiffs' rights as protected by Title VII.

-6-

37.    Plaintiffs suffered damages as a result of Defendants' unlawful actions.

### COUNT II – KCRA – RACIAL DISCRIMINATION

38.    Plaintiffs hereby incorporates paragraphs one (1) through thirty-eight (38) of their Complaint.

39.    Defendants discriminated against Plaintiffs because of their race and/or because they were associated with an African American.

40.    Defendants' actions were intentional, willful, and taken in reckless disregard of Plaintiffs' legal rights.

41.    Defendants' unlawful actions have violated Plaintiffs' rights as protected by the KCRA.

42.    Plaintiffs suffered damages as a result of Defendants' unlawful actions.

### COUNT III – TITLE VII – RETALIATION

43.    Plaintiffs hereby incorporates paragraphs one (1) through forty-three (43) of their Complaint.

44.    Plaintiffs engaged in a protected activity when Burke filed a Complaint of Discrimination.

45.    Defendants retaliated by terminating Plaintiffs.

46.    Defendants' actions were intentional, willful, and taken in reckless disregard of Plaintiffs' rights.

47.     Defendants' unlawful actions have violated Plaintiffs' rights as protected by Title VII.

### COUNT IV – KCRA – RETALIATION

48.     Plaintiffs hereby incorporates paragraphs one (1) through forty-seven (47) of their Complaint.

49.     Plaintiffs engaged in a protected activity when Burke filed a Complaint of Discrimination.

50.     Defendants retaliated by terminating Plaintiffs.

51.     Defendants' actions were intentional, willful, and taken in reckless disregard of Plaintiffs' rights.

52.     Defendants' unlawful actions have violated Plaintiffs' rights as protected by the KCRA.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiffs, Jennifer Burke, Raelynn Barnes, and Tatiana Saxton, respectfully requests that this Court enter judgment in their favor and award them the following relief:

1.     Reinstate Plaintiffs to the position, salary, and seniority level they would have enjoyed but for Defendants' unlawful employment actions, or award them front pay in lieu thereof;

2.     All wages, benefits, compensation, and other monetary loss suffered as a

result of Defendants' unlawful actions;

3.      Enjoin Defendants from discriminating against anyone else based on their

        race or association with people of minority races.

4.      Award compensation for any and all other damages suffered as a

        consequence of Defendants' unlawful actions;

5.      Award compensatory damages under Title VII and the KCRA;

6.      Award punitive damages under Title VII;

7.      Award all costs and attorney's fees incurred as a result of bringing this

        action;

8.      Award pre- and post-judgment interest on all sums recoverable; and

9.      All other legal and/or equitable relief this Court sees fit to grant.


                        Respectfully submitted,

                        BIESECKER DUTKANYCH & MACER, LLC
                        By:  /s/ *Devan A. Dannelly*
                        Devan A. Dannelly
                        101 North 7th Street, Ste. 603
                        Louisville, KY 40202
                        Telephone:  (502) 561-3484
                        Facsimile:   (812) 424-1005
                        Email: ddannelly@bdlegal.com
                        *Attorney for Plaintiff*



                        **DEMAND FOR JURY TRIAL**

                                -9-

Plaintiffs, Jennifer Burke, Raelynn Barnes, and Tatiana Saxton, by counsel,

requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By:  /s/ *Devan A. Dannelly*
Devan A. Dannelly
101 North 7th Street, Ste. 603
Louisville, KY 40202
Telephone:  (502) 561-3484
Facsimile:   (812) 424-1005
Email: ddannelly@bdlegal.com
*Attorney for Plaintiff*

-10-